**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ERIN NORTH<br><br>Plaintiff,<br><br>v.<br><br>RADMAX, LTD.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:12-CV-00405-JRG |

**ORDER**

Before the Court is Defendant Radmax, Ltd.'s ("Radmax") Motion to Transfer Venue, filed August 13, 2012 (Dkt. No. 4). Radmax requests an intra-district transfer from the Marshall Division to the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). After careful consideration of the parties' written submissions, the motion is **DENIED** for the reasons set forth herein.

## I. Background

On July 17, 2012, Plaintiff Erin North ("North") filed suit against Defendant Radmax, her former employer, alleging gender and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 and 1991. The Tyler Division is 62 miles from the Marshall Division. It is undisputed that the events giving rise to this cause of action occurred in the Tyler Division. The parties and likely witnesses all reside within the Tyler Division. None of the parties or witnesses reside in the Marshall Division. On August 13, 2012, Defendant filed this motion to transfer venue to the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) on the grounds that the Tyler Division is clearly more convenient for the parties and witnesses than the Marshall Division.

## II. Legal Standard

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). However, a motion to transfer venue should only be granted upon a showing by the movant that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*").

The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*"). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. *Id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

Finally, the Court is allowed greater deference when considering intra-district transfers. *Madden v. City of Will Point*, 2:09-cv-250-TJW, 2009 U.S. Dist. LEXIS 116682, at *7 (E.D. Tex. Dec. 15, 2009). The Federal Rules of Civil Procedure allow significant discretion to district courts in deciding the place of trial, so long as it is within the same district, even without the consent of the parties. *Morrow v. Washington*, No. 2:08-cv-288-TJW, 2008 U.S. Dist. LEXIS 100225, at *6 (E.D. Tex. Dec. 11, 2008) (citing Fed. R. Civ. P. 77(b)). Therefore, courts in this district view 1404(a) motions for intra-district change of venue with heightened caution. *Rios v. Scott*, No. 1:02-cv-136, 2002 U.S. Dist. LEXIS 28176, at *2 (E.D. Tex. July 26, 2002).

## III. Discussion

### a. Venue

North does not dispute that the Tyler Division would have been a proper venue in which the claim could have originally been filed.

### b. Private Interest Factors

#### *i. Relative Ease of Access to Sources of Proof*

Although the events and parties are in the Tyler Division, the Tyler and Marshall Divisions have roughly equal access to sources of proof. The Court finds that there will not be any significant inconvenience to the parties if they had to transport documents or other evidence to Marshall, Texas as compared to the Tyler Division. Therefore, this factor is neutral.

#### *ii. Availability of Compulsory Process*

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. A court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen II*, 545 F.3d at 316. All of the likely witnesses in this case

are within the subpoena power of either court. Therefore, the Court concludes that this factor is neutral.

*iii. Cost of Attendance for Willing Witnesses*

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen I*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* Tyler is well less than 100 miles from Marshall. The Court finds that this factor is neutral.

*iv. Other Practical Problems*

Practical problems include issues of judicial economy. The Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 U.S. Dist. LEXIS 130686, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). The parties have identified no "special circumstances," such as the possibility of delay or prejudice. On the contrary, the Court notes that this case has been set for trial in relatively short order, and any transfer will result in delay for all parties. Thus, this factor weighs against transfer.

c. <u>Public Interest Factors</u>

*i. Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *See Ray Mart, Inc. v. Stock Building Supply of Tex., LP*, 435 F. Supp. 2d 578, 595 (E.D. Tex. 2006). This factor is the most speculative, however, and in situations where several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors. *See id.*; *see also In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (applying Fifth Circuit law). Neither the plaintiff nor the defendant addresses this factor in detail. The Court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the Court finds this factor is neutral as to transfer.

*ii. Local Interest*

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen II*, 545 F.3d at 318. In such a case, courts may look to where the operative facts occurred, where the witnesses live, where the evidence is located, and where the parties live. *Id.* As discussed earlier, the facts giving rise to this lawsuit occurred in the Tyler Division. The parties and witnesses are probably located in the Tyler Division. Very little evidence related to the lawsuit is located in the Marshall Division. Accordingly, the Court finds that the Tyler Division has more local interest in this case than the Marshall Division. However, in light of the greater deference available to the Court when considering intra-district transfers, the Court concludes that this factor weighs only slightly in favor of a transfer.

*iii. Familiarity with the Governing Law*

Both the Tyler Division and Marshall Division are equally capable of applying the relevant law in this case. This factor is neutral.

*iv. Avoidance of Conflict of Law*

The Court finds that this factor is inapplicable in this transfer analysis.

**IV. Conclusion**

The Court has balanced all of the relevant factors. The Court finds that Radmax has not shown that the Tyler Division is clearly more convenient than the Marshall Division. Accordingly, the Court hereby **DENIES** the Defendant's Motion to Transfer Venue (Dkt. No. 4).

**So ORDERED and SIGNED this 25th day of March, 2013.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE