IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

FILED-CLERK

U.S. COURT OF APPEALS
FILED
OCT 24 2013
FIFTH CIRCUIT
LYLE W. CAYCE, CLERK

No. 13-40462

In re: RADMAX, LIMITED,

                              Petitioner.

Petition for Writ of Mandamus to
the United States District Court
for the Eastern District of Texas

ON PETITION FOR REHEARING EN BANC
(Opinion June 18, 2013, 720 F.3d 285)

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:

    Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED. R. APP.

No. 13-40462

P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED.

In the en banc poll, 7 judges voted in favor of rehearing (Chief Judge Stewart and Judges King, Davis, Dennis, Elrod, Graves, and Higginson), and 8 judges voted against rehearing (Judges Jolly, Jones, Smith, Clement, Prado, Owen, Southwick, and Haynes).

ENTERED FOR THE COURT:

/s/ Jerry E. Smith
JERRY E. SMITH
United States Circuit Judge

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

STEPHEN A. HIGGINSON, Circuit Judge, joined by KING, DAVIS, and DENNIS, Circuit Judges, dissenting from denial of rehearing en banc.

I respectfully dissent from the denial of rehearing en banc, both for the reasons I noted in my panel dissent, and also for the reasons noted more eloquently by Charles Alan Wright in his article, THE DOUBTFUL OMNISCIENCE OF APPELLATE COURTS, 41 Minn. L. Rev. 751, 776 (1957). Wright identified more than fifty years ago the appellate court disarray and "controversy which now rages as to use of mandamus to review trial court orders granting or denying a transfer to a more convenient forum, pursuant to 28 U.S.C. § 1404(a)." Section 1404(a) is Congress's venue transfer statute, which uses plain language to entrust district judges with discretion and duty to balance multiple factors and

No. 13-40462

assess interests of justice: "For the *convenience* of parties and witnesses, in *the interest of justice,* a district court *may* transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a) (emphases added). I would favor our court's full attention to the question whether our construction today of this statute, asserted in my opinion more constrictingly even than in In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 2008) (en banc), propounds appellate mandamus power over district judges which the Supreme Court has said we do not have. See Will v. United States, 389 U.S. 90, 95 (1967) (All Writs Act available for "exceptional circumstances amounting to a judicial 'usurpation of power'").

A true copy
Attest:
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____ Deputy
New Orleans, Louisiana